IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PATRICK JACKMAN,  )
 )
      Plaintiff  )
 ) **Case No.:**
v.  )
 ) **COMPLAINT AND DEMAND FOR**
ALLIED INTERSTATE, LLC F/K/A  ) **JURY TRIAL**
ALLIED INTERSTATE, INC.  )
 ) **(Unlawful Debt Collection Practices)**
      Defendant  )

## **COMPLAINT**

PATRICK JACKMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, INC., ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Springfield, Massachusetts 01089.

6. Plaintiff is a person "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt of another person.

11. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in November 2011, Defendant contacted Plaintiff on his cellular telephone on a continuous and repetitive basis in its attempts to collect a debt of another person.

13. Plaintiff does not owe the debt that Defendant was attempting to collect.

14. Furthermore, Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

15. Plaintiff regularly received collection calls from: (800) 715-0395, which the undersigned has confirmed is a telephone number belonging to Defendant.

16. Plaintiff was being deluged and harassed with calls from Defendant up to an incredulous thirty-five (35) phone calls a day.

17. In all of these calls, Defendant was looking for a "Gene Madsen"

18. Plaintiff is not "Gene Madsen."

19. Plaintiff does not live with a "Gene Madsen."

20. Plaintiff believes that "Gene Madsen" is a former owner of Plaintiff's cellular telephone number.

21. Despite this exorbitant amount of calls, Defendant has never left a message for Plaintiff to provide Plaintiff any information or to explain its incredible volume of calls to Plaintiff.

22. In addition, Defendant has never sent Plaintiff a letter or any type of notification in relation to this alleged debt.

23. Defendant did not adequately investigate its phone records to determine that the number they were calling was still the phone number of "Gene Madsen," or update its own records to avoid the further harassment of Plaintiff.

24. Instead, it continued to contact him in its attempts to collect the debt of another person.

25. When contacting Plaintiff on his cellular telephone, on some occasions, upon information and belief, Defendant used an automatic telephone dialing system or pre-recorded or artificial voice.

26. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

28. Over the period that Defendant was contacting Plaintiff, Defendant called Plaintiff hundreds of times on his cellular phone using a pre-recorded or automated message.

29. Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, and harassing him.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

31. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it never left any messages for Plaintiff to provide information or explanation for all of its calls, when it attempted to coerce Plaintiff into paying a debt that he did not owe, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, up to thirty-five times a day, with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

35. Defendant violated § 1692e of the FDCPA when it refused to leave any messages for Plaintiff to provide Plaintiff with a reason for all of its calls, when it failed to provide Plaintiff with anything in writing in relation to the alleged debt, when it attempted to collect a debt that Plaintiff did not owe, and when it made other false, deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a false representation as to the character, amount, or legal status of any debt.

37. Defendant violated § 1692e(2)(A) of the FDCPA when its collectors repeatedly and continuously attempted to collect an alleged debt against Plaintiff that Plaintiff did not owe, as the debt was that of another person.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692e(10) of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

39. Defendant violated § 1692e(10) of the FDCPA when it refused to leave any

messages for Plaintiff to provide Plaintiff with a reason for all of their calls, when it failed to provide Plaintiff with anything in writing in relation to the alleged debt, when it attempted to collect a debt that Plaintiff did not owe, and when it made other false, deceptive or misleading representations.

**COUNT VI**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

40. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

41. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, up to an incredulous thirty-five times a day, when Defendant failed to leave any messages to explain its incessant calling, when it attempted to repeatedly collect a debt that Plaintiff did not owe, and when it engaged in other unfair conduct.

**COUNT VII**
**DEFENDANT VIOLATED § 1692f(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

42. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

43. Defendant violated § 1692f(1) of the FDCPA when it attempted to collect an alleged debt from Plaintiff with knowledge that this debt was the debt of another, and as such, was not permitted by law.

**COUNT VIII**
**DEFENDANT VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

44. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written verification and notification concerning the alleged debt.

45. Defendant violated § 1692g(a) of the FDCPA when it failed to send any written notification or verification of the alleged debt to Plaintiff, despite the fact that Defendant's collectors were calling Plaintiff numerous times every day regarding the subject debt.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

## COUNT IX

46. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

47. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

48. A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor. Watson v. NCO Group Inc., 462 F.Supp. 2d 641 (E.D. Pa. 2006).

49. Despite the fact that Plaintiff is a non-debtor who never consented to Defendant making calls to his cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

50. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

51. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

52. Defendant contacted Plaintiff on his cellular telephone more than one hundred (100) times.

53. Defendant did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

54. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, PATRICK JACKMAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICK JACKMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 3, 2013              KIMMEL & SILVERMAN, P.C.

                                      By: /s/ Craig Thor Kimmel
                                           Craig Thor Kimmel
                                           Attorney ID # 57100
                                           Kimmel & Silverman, P.C.
                                           30 E. Butler Pike
                                           Ambler, PA 19002
                                           Phone: (215) 540-8888
                                           Fax: (877) 788-2864
                                           Email: kimmel@creditlaw.com